J-S48035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOED VALENTIN MORALES, | : | |
| | : | |
| Appellant | : | No. 3106 EDA 2018 |

Appeal from the PCRA Order Entered October 11, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003710-2007

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 06, 2019**

Joed Valentin Morales (Appellant) appeals *pro se* from the order entered October 11, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

In 2008, Appellant was convicted of attempted murder and related offenses in connection with his shooting two individuals.[1]  Appellant was sentenced to an aggregate term of 28½ to 60 years of incarceration.  This Court affirmed his judgment of sentence and the Pennsylvania Supreme Court denied his petition for allowance of appeal.  ***See Commonwealth v. Morales***, 4 A.3d 697 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 8

---

[1] At trial, Appellant conceded that he shot the victims, but asserted that he did so in self-defense.

* Retired Senior Judge assigned to the Superior Court.

A.3d 899 (Pa. 2010). Appellant's first and second PCRA petitions resulted in no relief. On August 23, 2018, Appellant *pro se* filed a third PCRA petition, which is the subject of this appeal. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and Appellant filed a response. On October 11, 2018, the PCRA court dismissed that petition as untimely filed. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Before we can examine the substantive claims Appellant raises on appeal, we must determine whether the filing of his PCRA petition was timely. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within [one year[2]] of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

---

[2] *See* 42 Pa.C.S. § 9545(b)(2). This statute was amended, effective December 24, 2018, to provide that claims arising after December 24, 2017, were permitted to be filed within one year, rather than 60 days, of the date the claim could have been presented. Appellant filed the PCRA petition containing the letter at issue in 2018; thus, arguably, the amendment applies. However, based on our discussion *infra*, Appellant is not entitled to relief.

*Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

The instant petition, filed in August of 2018, is patently untimely. Thus, Appellant was required to plead and prove one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant does not explain in his *pro se* petition,[3] his response to the Rule 907 notice, or his Pa.R.A.P. 1925(b) statement, how he has satisfied the timeliness requirements.

On appeal, Appellant sets forth the relevant sections of the PCRA relating to timeliness, *see* Appellant's brief at vii, 2-3, but does not explain how these exceptions are applicable to him. Instead, he focuses solely on prior counsel's ineffective assistance. *See id*. at 3-10. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

Thus, because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. *See*

_____

[3] In his *pro se* PCRA petition, Appellant referenced the exceptions and attached three exhibits. The first was a letter from Appellant's brother-in-law contradicting testimony about where Appellant obtained the stolen gun used to shoot the victims. The second was an affidavit from the Deputy District Attorney responsible for Appellant's case, stating the terms of the plea agreement offered to Appellant. The third was a letter from an individual stating that Appellant's trial counsel gave legal advice to witnesses. Appellant does not expound further on these claims in his petition, response to the Rule 907 notice, his concise statement, or in his brief on appeal.

- 3 -

***Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/19